JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 20 2005

FILED
CLERK'S OFFICE

A CERTIFIED TRUE COPY

OCT 20 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**DOCKET NO. 1663**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

# IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION

*Palm Tree Computers Systems, Inc., et al. v. Ace USA, et al.*, M.D. Florida, C.A. No. 6:05-422
*KLLM, Inc. v. Marsh USA, Inc., et al.*, S.D. Mississippi, C.A. No. 3:03-1294

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by i) the plaintiffs in one Middle District of Florida action (*Palm Tree*), and ii) the plaintiff in one Southern District of Mississippi action (*KLLM*). Movant(s) in each action ask the Panel to vacate an order conditionally transferring the action to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Faith S. Hochberg. If the Panel decides to order transfer, then i) the moving *Palm Tree* plaintiffs alternatively ask the Panel to defer entry of the transfer order pending a ruling by the Florida court on a motion to remand the action to state court; and ii) the moving *KLLM* plaintiff alternatively asks the Panel to sever and remand certain of the action's claims. Responses in support of transfer have been filed by all the *KLLM* defendants and by all but one of the *Palm Tree* defendants.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the District of New Jersey, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of New Jersey was a proper Section 1407 forum for actions brought by persons allegedly injured by a conspiracy among defendants and/or co-conspirators to affect the sale of insurance sold in the United States by rigging bids and allocating customers. *See In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp.2d 1371 (J.P.M.L. 2005).

The *KLLM* plaintiff urges that its action should not be transferred because the core claims in the action are those that focus on breach of one specific insurance policy rather than the ones involving allegations of improper contingent commissions or kickbacks paid to broker defendants by insurance company defendants. Transfer under Section 1407, however, does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Questions relating to allegedly improper contingent commission agreements and bid-rigging are at issue in both *KLLM* and previously

centralized MDL-1663 actions. Transfer of *KLLM* under Section 1407 will thus permit *KLLM* and the other MDL-1663 actions to proceed before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1663 actions. The transferee court remains free, of course, to formulate a pretrial program that allows discovery with respect to any non-common issues in *KLLM* to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). It may also be, on further refinement of the issues and close scrutiny by the transferee judge, that one or more of the claims in *KLLM* can be remanded in advance of other claims in the action. But we are unwilling, on the basis of the record before us, to make such a determination at this time with respect to *KLLM*. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

It is also unnecessary to deny or defer transfer of *Palm Tree* until the Florida court has ruled upon plaintiffs' motion for remand to state court. Such matters, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman